UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEPHEN C. SCHMID,<br><br>                      Plaintiff,<br><br>   v.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, *et al.*,<br><br>                      Defendants. | Case No. 2:18-cv-02020-KJD-CWH<br><br>**<u>ORDER</u>** |

Presently before the Court for consideration is Defendants Safeco Insurance Company of Illinois' and Safeco Insurance Company of America's Joint Motion to Dismiss (#5). Plaintiff Stephen Schmid filed a response in opposition (#7) to which both Safeco entities replied (#8).

**<u>I. Background</u>**

Schmid purchased an insurance policy, identified as policy no. A3118256, from Safeco of Illinois on March 19, 2016. Compl. 2, ECF 1-1. About two months later on May 17, 2016, Schmid suffered injuries from an automobile accident caused by an allegedly underinsured person. Id. On December 6, 2017, Schmid notified Safeco of Illinois of the inadequate insurance coverage and submitted a claim against his own policy under his uninsured or underinsured motorist benefits. Id. The complaint does not allege denial of the claim; however, it does allege that Safeco has failed to make a payment. Id. at 2. Having received no payments from Safeco, Schmid filed suit in the Clark County District Court, Nevada on September 17, 2018. Id. at 1. Safeco timely removed to this Court and now moves to dismiss. Notice of Removal 1, ECF 1; Mot. to Dismiss 1, ECF 5.

**<u>II. Legal Standard</u>**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Thus, "[to] survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth. Id. at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (internal quotation marks omitted). Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. Twombly, 550 U.S. at 570. Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re StacElecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

**III. Analysis**

Schmid brings four causes of action against the Safeco entities: 1) breach of contract; 2) breach of fiduciary duty; 3) breach of duty of good faith and fair dealing ("bad faith"); and 4) declaratory relief. Defendants move to dismiss each claim against Safeco of America because it is not a party to the contract between Schmid and Safeco of Illinois. The parties have agreed to

dismiss Schmid's fiduciary duty claim, and the Court does so. Finally, Safeco of Illinois did not challenge the breach of contract claim in the motion to dismiss, therefore the Court will not discuss it at this time.

### A. Safeco of America

Both Safeco entities argue that Safeco of America should be dismissed from the case because it is not a party to the insurance policy. A certified copy of the policy is attached to the motion to dismiss as an exhibit. Mot. to Dismiss, Ex. 1, ECF No. 5. The policy indicates that the contract is between Safeco of Illinois and Schmid. Safeco of America is correct that it is not a party to the contract. In fact, Safeco of America does not appear in the policy whatsoever. However, before the Court will consider the policy as extrinsic evidence, it must determine if it should convert the motion to dismiss into a motion for summary judgment.

Generally, the court will not consider evidence outside of the complaint in a motion to dismiss, but there are exceptions to that rule. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). Relevant here is the doctrine of incorporation-by-reference, which allows the court to "[treat] certain documents as though they are part of the complaint itself." Id. at 1002. This is appropriately applied to cases where the document referenced by the complaint "forms the basis of the complaint." Id. (quoting U.S. v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003)). The purpose of this doctrine is to "[prevent] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." Id.

Courts should exercise caution when incorporating outside documents, however, because the "overuse and improper application" of this doctrine "can lead to … harmful results." Khoja, 899 F.3d at 998, 1003 (the content of incorporated documents may be assumed to be true for the purposes of a 12(b)(6) motion, and, appropriately, ought to be "approached with caution"). As a result, the court should refrain from incorporating documents by reference in circumstances where the facts given in the incorporated document "only serve to dispute facts stated in the well-pleaded complaint." Id.

Here, the Court holds that the incorporation of the contract does not lead to a harmful

result. Rather, the claims of the complaint are entirely based on the contract between Safeco of Illinois and Schmid manifested in Policy No. A3118256.[1] The complaint gives the policy number and spells out specific information from the policy. Compl. 2, ECF No. 1. Additionally, the policy does not "serve to dispute facts." It states the contract terms that give rise to the claims in the complaint. Also, Schmid does not allege that he dealt with Safeco of America at any point. Accordingly, the Court holds that it is appropriate to consider the contract without converting the motion to a motion for summary judgment. In doing so, it is clear that the contract is solely between Safeco of Illinois and Schmid.

Therefore, the Court grants the motion to dismiss all claims against Safeco of America.

**B. Breach of Duty of Good Faith and Fair Dealing**

Next, Safeco moves to dismiss the bad faith claim because the complaint does not contain sufficient factual allegations to state a plausible claim. To establish a prima facie bad-faith claim, Schmid must show that Safeco: 1) refused to compensate him for a covered loss; 2) "without proper cause" or "reasonable basis;" and 3) that Safeco "knew [of] or recklessly disregarded" the lack of a reasonable basis for disputing the coverage. Pemberton v. Farmers Ins. Exch., 858 P.2d 380, 382 (Nev. 1993) (quoting United States Fid. & Guar. Co. v. Peterson, 540 P.2d 1070, 1071 (Nev. 1975)); Powers v. United Servs. Auto. Assoc., 962 P.2d 596, 604 (Nev. 1998).

Here, Schmid has failed to allege the second and third elements of the cause of action. Schmid does allege that Safeco refused to compensate him for a covered loss. However, Schmid fails to allege that Safeco did not have proper cause or a reasonable basis for denying his claim. Additionally, the complaint does not allege that Safeco "knew [of] or recklessly disregarded" the lack of a reasonable basis for disputing coverage. While the facts need not be detailed, Rule 8 requires that the complaint give actual factual allegations of each element for the cause of action to proceed. Schmid has not done so.

Accordingly, the claim for bad faith is dismissed with leave to amend.

---

[1] The plaintiff has not pled in his complaint as to the possible liability of Safeco of America through a potential agency relationship with Safeco of Illinois.

**C. Declaratory Relief**

Finally, Safeco moves to dismiss Schmid's declaratory relief claim because declaratory relief is a remedy, or in the alternative, because the claim is duplicative.

In a civil action, the Court may declare the "rights and other legal relations of any interested party." 28 U.S.C. § 2201 (2010). A case is ripe for declaratory judgment when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant" relief. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007) (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). The Ninth Circuit has given additional guidance to determine when a declaratory relief claim is appropriate. It is appropriate "1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and 2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir.1986) (quoting Bilbrey v. Brown, 738 F.2d 1462, 1470 (9th Cir.1984)). The Supreme Court instructs that a district court has broad discretion to dismiss a cause of action for declaratory relief when the claim "[serves] no useful purpose." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

While declaratory relief can serve a purpose as a separate cause of action in some scenarios, it does not here. The complaint asks for declaratory relief as a cause of action and in the prayer for relief. There is no substantial controversy shown regarding interpretation of the contract or the rights of the parties. Allowing both to proceed would be duplicative. Therefore, the Court will dismiss the cause of action for declaratory relief and allow the prayer for declaratory relief to proceed as a remedy.

///
///
///
///
///
///

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#5) is **GRANTED**;

IT IS FURTHER ORDERED that any amended complaint, addressing matters from this order, be filed within thirty (30) days of the entry of this order.

Dated this the 11th day of July 2019.

                                                                             _____
                                                                             Kent J. Dawson
                                                                             United States District Judge